SUMMARY ORDER

Mei Xing Huang, a native and citizen of the People’s Republic of China, seeks review of an April 22, 2008 order of the BIA, affirming the June 13, 2007 decision of Immigration Judge (“IJ”) William P. Van Wyke, which denied Huang’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Mei Xing Huang, No. A98 350 338 (B.I.A. Apr. 22, 2008), aff'g No. A98 350 338 (Immig. Ct. N.Y. City June 13, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the ease.
Where, as here, the BIA affirms the IJ’s decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision directly. Jian Hui Shao v. B.I.A., 465 F.3d 497, 500 (2d Cir.2006). This Court reviews the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We find that substantial evidence supports the IJ’s adverse credibility determination. The IJ relied on Huang’s demeanor, noting that she was baffled, confused, and lacking in confidence. He *944 further found that, when asked basic questions designed to elicit information not listed in her asylum application, her testimony was often non-responsive, stalled, and incoherent. We accord substantial deference to the IJ’s determination as to Huang’s demeanor, as the IJ was in the best position to observe it. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 116-117 (2d Cir.2007) (noting that the deference owed to an IJ’s decision “is at its highest point where an IJ’s credibility determinations are based on observation of the applicant’s demeanor”).
Further, the IJ found implausible Huang’s claim that, whereas she was arrested and detained for holding a church meeting at her house, her father, who had allegedly practiced Christianity for over twenty years and was a pastor at several underground churches including Huang’s, never experienced any problems with authorities. The IJ found this claim particularly implausible in light of Huang’s other claims that: (1) she had been a practicing Christian since only 2002; (2) during her detention, government officials asked her for the identities of the key leaders of her church; (3) her parents, when begging the government officials to release her from custody, informed the officials that they, too, were practicing Christians who attended underground churches; and (4) when government officials visited the house she shared with her parents to monitor her activities, thereby causing her to go into hiding, the officials did not bother her parents. When the IJ asked Huang why the authorities had placed her, but not her parents, under surveillance, she testified that the officials were probably interested in monitoring only the activities of younger Christians. However, as the IJ found, this explanation is contradicted by the country conditions evidence Huang submitted and her earlier testimony that officials had interrogated her about the identities of key church leaders irrespective of their age. Because a reasonable factfinder would not be compelled to credit Huang’s explanation, the IJ was not compelled to do so. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). Further, the IJ’s finding that Huang’s testimony was implausible was not the result of bald speculation but, rather, was “tethered to record evidence,” i.e., Huang’s own testimony and documentary evidence. Wensheng Yan v. Mukasey, 509 F.3d 63, 66-67 (2d Cir.2007) (affirming an adverse credibility determination based on the overall implausibility of the applicant’s testimony).
Moreover, the IJ reasonably found numerous discrepancies in Huang’s testimony that, when considered cumulatively, served to undermine her credibility to such an extent that a reasonable factfinder would not be compelled to believe her claim. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006). Thus, substantial evidence supports the IJ’s adverse credibility determination, and the IJ’s denial of Huang’s asylum claim on this basis was proper. See Corovic, 519 F.3d at 95.
Because the only evidence of a threat to Huang’s life or freedom depended upon her credibility, the adverse credibility finding in this case necessarily precludes success on her claims for withholding of removal and CAT relief, as she has not offered any factual basis demonstrating a likelihood of persecution or torture apart from her asylum claim. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending re *945 quest for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).